<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5326**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

PENNY RENAE YOUNG,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:10-cr-00010-JPB-DJJ-1)

_____

Submitted: October 27, 2011      Decided: November 17, 2011

_____

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Byron Craig Manford, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Penny Renae Young appeals her conviction for two counts of unauthorized use of an access device, in violation of 18 U.S.C. § 1029(a)(2) (2006). Young argues first that the district court erred in providing an inadequate response to the jury's question of law and second that the district court erred in denying Young's motion for a new trial and motion for judgment of acquittal. We have reviewed the record and find no reversible error. Accordingly, we affirm.

The district court's answer to the jury's question must be reviewed for plain error because Young did not object. Fed. R. Crim. P. 52(b). "[T]he necessity, extent, and character of any supplemental instructions to the jury are matters within the sound discretion of the district court." United States v. Grossman, 400 F.3d 212, 219 n.2 (4th Cir. 2005) (citation omitted).

> "When evaluating the adequacy of supplemental jury instructions given in response to a question asked by the jury during deliberations, we ask whether the court's answer was reasonably responsive to the jury's question and whether the original and supplemental instructions as a whole allowed the jury to understand the issue presented to it."

Taylor v. Virginia Union Univ., 193 F.3d 219, 240 (4th Cir. 1999) (internal quotation marks and citation omitted). "[T]he district court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without

2

creating prejudice. The particular words chosen, like the decision whether to issue any clarification at all, are left to the sound discretion of the district court." United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995) (citation omitted). Given the specificity of the jury charge, we conclude that Young has not shown that the jury's question warranted any supplemental instruction. Accordingly, the district court did not err in referring the jury to the relevant sections of the jury charge in answering the jury's question.

We review a district court's decision to deny a Rule 29 motion for a judgment of acquittal de novo. United States v. Hickman, 626 F.3d 756, 762-63 (4th Cir. 2010). A jury verdict must be sustained if, viewing the evidence in the light most favorable to the Government, the verdict is supported by substantial evidence. Id. at 763. "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). The appellate court cannot make credibility determinations and must assume the jury resolved all testimonial contradictions in the Government's favor. United States v. Penniegraft, 641 F.3d 566, 572 (4th Cir. 2011). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." United States v. Ashley, 606

3

F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

Despite Young's challenges to the credibility of the Government's evidence, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks and citation omitted). Our review of the record leads us to conclude that the district court did not err in denying Young's motion for a new trial and motion for acquittal and that the evidence was sufficient to support the jury's finding.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED